UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROLAND HEATHINGTON,<br><br>Defendant. | No. 2:20-cr-00008-TLN<br><br>**ORDER** |

This matter is before the Court on what the Court construes as Defendant Roland Heathington's ("Defendant") Motion for Sentence Reduction. (ECF No. 86.) The Government filed an opposition. (ECF No. 89.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On February 3, 2022, Defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 68.) In the presentence report ("PSR"), the probation officer found a total offense level of 19 and a criminal history category of VI based on a criminal history score of 19. (ECF No. 84 at 5, 10.) Defendant's criminal history category was calculated by assigning 17 points based on prior criminal convictions and two "status points" under the prior version of U.S.S.G. § 4A1.1(d). (*Id.* at 10.) At sentencing, the Court adopted the PSR in full and sentenced Defendant to a 68-month sentence of imprisonment, which fell in the middle of the applicable guideline range of 63 to 78 months. (ECF No. 83.)

On February 6, 2024, Defendant, proceeding *pro se*, filed the instant motion requesting counsel because he believes is eligible for a sentence reduction based on Amendment 821, which became effective in November 2023. (ECF No. 86.) On March 13, 2024, the Federal Defender's Office filed a notice indicating it would not assume representation of Defendant. (ECF No. 88.) Accordingly, the Court construes Defendant's request as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the Sentencing Commission.

Two provisions of Amendment 821 apply retroactively. U.S.S.G § 1B1.10(d). First, in Part A, the Sentencing Commission amended the "status point" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a person who otherwise presents 7 or more criminal history points now receives 1 status criminal history point, instead of 2, for an offense committed while under a criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history points receives no status points. *Compare* U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Second, in Part B Subpart 1, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.

Defendant is not eligible for a reduction under either provision. First, as to the status point provision, even if the Court reduced Defendant's criminal history score by 1 point, the resulting criminal history category would still be VI. Because the application of the new status point provision would not reduce Defendant's guideline range, the Court cannot reduce his sentence on that basis. *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

Second, Defendant does not qualify as a zero-point offender because he received 17 criminal history points and his offense of conviction involved possession of a firearm. *See* U.S.S.G. § 4C1.1(a)(1) (requiring that the defendant must not have received any criminal history points from Chapter Four, Part A); *see also* U.S.S.G. § 4C1.1(a)(7) (requiring that the defendant did not possess a firearm in connection with the offense).

1   For the foregoing reasons, the Court DENIES Defendant's motion.  (ECF No. 86.)

2   IT IS SO ORDERED.

3   Date: May 1, 2024

_____
Troy L. Nunley
United States District Judge